IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CANDACE POWELL, et al., | : | |
| Plaintiffs | : | |
| v. | : | Civil Action No. S-96-794 |
| EDITH B. ERB, | : | |
| Defendant | : | |

oOo

## ORDER

Summary judgment was entered on behalf of Plaintiffs on December 29, 1999, on the issue of liability. Damages were assessed and a final judgment rendered after a jury trial on March 22-24, 2000. Currently pending is a Bill of Costs filed by Plaintiffs. They are seeking a total of $5,293.46 in costs. The Clerk has reviewed the Bill of Costs and Objections. No hearing is deemed necessary.

**Filing Fees**

Plaintiffs seek $120.00 for the filing fee of this action and the $50.00 filing fee of the Maryland Court of Appeals for a question certified by this Court. These amounts are clearly recoverable under 28 U.S.C. §1920(1) and will be allowed.

**Transcripts**

Plaintiffs are seeking a total of $3,371.90 for the costs of deposition transcripts. The Court may tax the costs of transcripts under 28 U.S.C. §1920(2) where they are necessary for the case. *See Crawford v. Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). While the court may allow a transcription expense if the making of the transcript was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more

limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of the depositions of trial witnesses.

Six of the depositions whose cost is being sought, Algis Adomavicius, Judith Weseman, Robert Pearce, Norman Warner, Sharon Allman, and David Kessler, appear to be of persons who were not parties, did not testify at trial, and were not relied upon at the summary judgment stage. Thus none of the costs of these depositions will be allowed. Of the remaining depositions, costs will be allowed in part as is set forth in the chart below.

| DEPONENT | AMOUNT SOUGHT | AMOUNT OF UN-ALLOWED COSTS[1] | NO. OF PAGES | RATE SOUGHT PER PAGE | RATE ALLOWED PER PAGE[2] | AMOUNT ALLOWED |
|---|---|---|---|---|---|---|
| Richard Edelman | 432.2 | 432.2[3] | unknown | unknown | 0 | 0 |

---

[1] Costs attributable to extra copies, copies of exhibits, shipping, etc. are not allowed.

[2] Unless the Court has determined in advance that a higher rate shall apply or the parties have agreed to a higher rate, the maximum amounts the Clerk will tax is:

| Ordinary transcript - original: | $3.50 per page |
| Expedited transcript - original: | $4.50 per page |
| Daily transcript - original: | $5.50 per page |
| Copy of transcript: | $1.25 per page |

If the actual page rate is lower than the maximum allowable rate, costs will be taxed at that rate.

[3] The invoice for this deposition indicates it was for an expedited transcript. It does not list the number of pages nor the per page rate. As Plaintiffs have proffered no reason why an expedited transcript was needed, nor sufficient information to determine whether the per page rate was reasonable, the cost of this deposition will not be allowed.

2

| | | | | | | |
|---|---|---|---|---|---|---|
| Ivan Zimmerman 1/10/97 | 90.5 | 90.5[4] | unknown | unknown | 0 | 0 |
| Jerry Basco | 77.7 | 77.7[5] | unknown | unknown | 0 | 0 |
| Ivan Zimmerman 1/21/97 | 63.9 | 63.9[6] | unknown | unknown | 0 | 0 |
| Edith Erb | 440.9 | 440.9[7] | unknown | unknown | 0 | 0 |
| Francis Saylor and Kenneth Hettrick | 174.05 | 174.05[8] | unknown | unknown | 0 | 0 |

---

[4]The invoice for this deposition indicates it includes a $5.00 fee for delivery. This cost is not allowable by the clerk. It indicates the total cost for the deposition was $85.50, but does not list the per page rate nor the total number of pages. Because it is not possible to determine whether the per page rate was reasonable, the cost of this deposition will not be allowed.

[5]The invoice for this deposition indicates it includes a $5.00 fee for delivery and $.50 for the cost of copies of exhibits. These costs are not allowable by the clerk. It indicates the total cost for the deposition was $72.20, but does not list the per page rate nor the total number of pages. Because it is not possible to determine whether the per page rate was reasonable, the cost of this deposition will not be allowed.

[6]The invoice for this deposition indicates it includes a $5.00 fee for delivery. This cost is not allowable by the clerk. It indicates the total cost for the deposition was $58.90, but does not list the per page rate nor the total number of pages. Because it is not possible to determine whether the per page rate was reasonable, the cost of this deposition will not be allowed.

[7]The invoice for this deposition indicates it includes a $5.00 fee for delivery. This cost is not allowable by the clerk. It indicates the total cost for the deposition was $350.90 with a $70.00 appearance fee, but does not list the per page rate nor the total number of pages. Because it is not possible to determine whether the per page rate was reasonable, the cost of this deposition will not be allowed.

[8]The invoice for this deposition indicates it includes a $7.00 fee for delivery and $1.75 for copies of exhibits. These costs are not allowable by the clerk. It indicates the total cost for the depositions was $165.30, but does not list the per page rate nor the total number of pages. Because it is not possible to determine whether the per page rate was reasonable, the costs of these depositions will not be allowed.

| James Cooper, Melissa Cooper, Candace Powell | 284.5 | 15 | 156 | 1.75 | 1.25 | 195 |
|---|---|---|---|---|---|---|
| **TOTALS** | | | | | | 195 |

**Service Fees**

Plaintiffs seek $45.00 for the costs of serving a subpoena. None of this amount will be allowed as it appears to relate to discovery, making the cost not within the discretion of the Clerk to award.[9]

**Copy Work**

Plaintiffs seek $1,706.56 for the cost of copies. $16.81 of this amount is for the NTSB accident report.[10] This cost is reasonable and will be allowed. A total of $876.60 was paid to Sir Speedy and $63.00 to Kwik Kopy. Because Plaintiffs have not identified what these documents were nor explained why they were necessary, none of these amounts will be allowed. Plaintiff paid a total of $295.00 for what appear to be medical records of the various parties to this action and $518.15 to Counsel for Defendants for records. Because it is not clear whether any of these documents were relied upon by Plaintiffs in seeking partial summary judgment or at trial, their costs cannot be allowed by the Clerk.

**CONCLUSION**

Plaintiffs are awarded costs of $381.81.

---

[9]It is noted the service fee does correspond to depositions whose costs are being allowed.

[10]The report was relied upon by Defendants in opposing summary judgment.

A party may seek review of this decision as is provided for in Fed. R. Civ. P. 54(d)(1).

The Clerk is directed to docket this Order and mail copies to all counsel of record.

DATED this 23rd day of May, 2000.

Felicia C. Cannon
Clerk
United States District Court